IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01594-GPG

MARTHA JUNE LUKE,

    Plaintiff,

v.

STATE OF COLORADO,

    Defendant.

## ORDER OF DISMISSAL

    Plaintiff, Martha June Luke, initiated this action by filing *pro se* a Complaint (ECF No. 1). On August 4, 2015, Magistrate Judge Gordon P. Gallagher ordered Ms. Luke to file an amended complaint on the proper form that clarifies the claims she is asserting. Magistrate Judge Gallagher determined the Complaint did not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure because the Complaint was incomprehensible. Magistrate Judge Gallagher warned Ms. Luke that, if she failed to file an amended complaint that complies with the pleading requirements of Rule 8 within thirty days, the action would be dismissed without further notice. On September 3, 2015, Magistrate Judge Gallagher entered a minute order granting Ms. Luke an extension of time until October 2, 2015, to file an amended complaint.

    Ms. Luke has not filed an amended complaint on the proper form as directed. Instead, she has filed on September 10, 2015, a Motion to Add Defendants (ECF No. 16) and another motion (ECF No. 17) apparently requesting a hearing, a new judge, and

other relief.  On September 30, 2015, Ms. Luke filed a forty-two page document titled "Amendment Showing Federal Jurisdiction Per USC 28 § 1653" (ECF No. 18) in which she sets forth a lengthy and largely incomprehensible narrative of various alleged violations of her rights dating back to 1994.

The Court must construe the papers filed by Ms. Luke liberally because she is not represented by an attorney.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  See Hall, 935 F.2d at 1110.  For the reasons discussed below, the action will be dismissed.

The twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas, 891 F.2d 1473, 1480 (10th Cir. 1989); see also Nasious v. Two Unknown B.I.C.E. Agents, 492 F.3d 1158, 1163 (10th Cir. 2007) (stating that a complaint "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

The requirements of Rule 8 are designed to meet these purposes.  See TV Communications Network, Inc. v. ESPN, Inc., 767 F. Supp. 1062, 1069 (D. Colo. 1991), aff'd, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief;

and (3) a demand for the relief sought."  Furthermore, the philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  As a result, prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Despite the specific instructions provided by Magistrate Judge Gallagher, the papers filed by Ms. Luke in response to the order to file an amended complaint, and in particular the "Amendment Showing Federal Jurisdiction Per USC 28 § 1653" (ECF No. 18), do not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  Ms. Luke still fails to provide a short and plain statement of the grounds for the Court's jurisdiction, a short and plain statement of her claims showing she is entitled to relief, and a clear statement of the relief she seeks.  It is not clear what specific claims Ms. Luke is asserting in this action, the specific facts that support each asserted claim, against what Defendant or Defendants she is asserting her claims, and what any Defendant did that allegedly violated her rights.  As a result, Ms. Luke fails to provide Defendants fair notice of the specific claims being asserted against them.  Instead, Ms. Luke places an unreasonable burden on the Court and Defendants to identify both the specific claims for relief she is asserting and the specific factual allegations that support each asserted claim.

The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux &*

*Janer*, 425 F.3d 836, 840 (10th Cir. 2005); *see also United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs."); *Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991) (vague and conclusory allegations that his rights have been violated does not entitle a *pro se* pleader to a day in court regardless of how liberally the pleadings are construed), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not [her] conclusory allegations." *Hall*, 935 F.2d at 1110. Because Ms. Luke fails to provide a clear and concise statement of the claims she is asserting, the action will be dismissed for failure to file an amended pleading that complies with Rule 8 as directed.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal she also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Complaint (ECF No. 1) and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Ms. Luke has failed to file a pleading that complies with the pleading requirements of the Federal Rules of Civil Procedure. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied

without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.   It is

FURTHER ORDERED that the pending motions are denied as moot.

DATED at Denver, Colorado, this   6th   day of    October   , 2015.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court